**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **Jimmy McCarthy,** | **Civil No. 10-745 (PJS/SRN)** |
| **Petitioner,** | |
| v. | **REPORT & RECOMMENDATION** |
| **Federal Bureau of Prisons, and Warden Jett,** | |
| **Respondents.** | |

---

Jimmy McCarthy, Federal Medical Center - Rochester, P.O. Box 4000, Rochester, Minnesota, 55903-4000, Petitioner, *pro se*.

Mary Jo Madigan, Assistant United States Attorney General, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota, 55415, for Respondents.

---

SUSAN RICHARD NELSON, United States Magistrate Judge

This matter is before the undersigned Magistrate Judge of the District Court on the petition of federal prisoner Jimmy McCarthy for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated pursuant to a 2007 conviction for attempting to distribute cocaine base "crack." Petitioner claims that he has been wrongfully denied one year of "halfway house" confinement, including six months of home confinement. (Doc. No. 1.) The case has been referred to this Court for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court recommends that the petition be denied and that this action be dismissed with prejudice.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2007, Petitioner was sentenced to 72 months in prison (later reduced to 60 months) followed by four years of supervised release for attempting to distribute cocaine base "crack." (Doc. No. 12.) He is currently incarcerated at the Federal Medical Center in Rochester, Minnesota (FMC-Rochester). Based on credit for good conduct, he has a projected release date of December 9, 2010. (Id.)

On June 30, 2009, FMC-Rochester issued a "Review for Residential Reentry Center" with respect to McCarthy, ultimately recommending that he not receive any placement in a Residential Reentry Center ("RRC") at the end of his sentence. (Doc. No. 13-2.) McCarthy initiated administrative review procedures with the Bureau of Prisons ("BOP"), but it appears that those proceedings have not concluded with any finality. On March 11, 2010, Petitioner filed the present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging the denial of his request for placement in an RRC.

## II. DISCUSSION

### A. Exhaustion of Administrative Remedies

The Government first contends that McCarthy is not entitled to any habeas relief because he has not exhausted his administrative remedies. (Doc. No. 12, at 2.) Similarly, McCarthy complains about various delays by the BOP in responding to his administrative appeals and alleges that "the BOP is intentionally delaying the administrative remedy process in order to avoid giving the Petitioner the time allowed by the" applicable law. (Doc. No. 1, at 3.) But the Court sees no need to resolve the present application on such

grounds, as disputes should be resolved, where possible, on the merits, and because McCarthy's expected release date is approaching. In any event, there is little point in disposing of this action based on exhaustion grounds as it is clear that the BOP did not abuse its discretion in denying McCarthy's request for RRC placement. O'Hara v. Rios, No. 08-5160, 2009 WL 3164724, at *1 n.2 (D. Minn. Sept. 28, 2009).[1]

### B. Application of the Second Chance Act

The BOP possesses the statutory authority to designate an inmate's place of imprisonment. 18 U.S.C. § 3621(b). In exercising its authority, the BOP is to consider the following criteria:

> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence–
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

---

[1] In doing so, the Court does not suggest that the exhaustion argument lacks merit. Rather, the Court simply notes that "the exhaustion prerequisite for filing a 28 U.S.C. § 2241 petition is judicially created, not jurisdictional." Lueth v. Beach, 498 F.3d 795, 797 n.3 (8th Cir. 2007) (addressing merits without ruling on exhaustion argument).

18 U.S.C. § 3621(b). In addition, pursuant to the Second Chance Act of 2007 ("SCA"), which addresses the end of a prisoner's term of imprisonment, the BOP is directed to ensure–"to the extent practicable"–that a prisoner "spends a portion of the final months of [the term of imprisonment] (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community." 18 U.S.C. § 3624(c)(1) (2008).

McCarthy argues that the denial of any RRC placement violates his purported legal right to at least some RRC placement, if not the full term he seeks. But while the BOP is required, although only "to the extent practicable," to ensure conditions facilitating reentry into the community, a prisoner possesses no legal right or entitlement to any RRC placement to achieve that goal. 18 U.S.C. § 3624(c)(1) (2008). Rather, "[s]uch conditions *may* include a community correctional facility," that is, RRC placement. Id. (emphasis added).

Thus, insofar as McCarthy contends that he is entitled to be granted his request for RRC placement, the courts have held that a prisoner does not have an enforceable legal right to a twelve-month placement in an RRC. Arthur v. Roal, No. 09-3043 (RHK/JSM), 2010 WL 3025019, at *7 (D. Minn. July 6, 2010) (ruling that insofar as prisoner "is claiming that he is entitled to 12 months of RRC placement, his Petition should be denied and dismissed" because "[t]here is nothing in [the applicable law] that gives inmates *the right* to 12 months of RRC placement") (emphasis in original); O'Hara v. Rios, No. 08-CV-5160 (JRT/JJK), 2009 WL 3164724, at *2 (D. Minn. Sept. 28, 2009) (citing Elwood

v. Jeter, 386 F.3d 842, 847 (8th Cir. 2004); Morrow v. Rios, No. 08-CV-320 (JRT/RLE), 2009 WL 924525, at *2 (D. Minn. Mar. 31, 2009)).

In fact, this Court has ruled repeatedly and consistently that a prisoner has no legal right or entitlement to *any* period of RRC placement. Kriemelmeyer v. B.O.P., No. 09-1231 (ADM/SRN), 2010 WL 1626884, at *5 (D. Minn. March 24, 2010); Hewitt v. Jett, No. 09-1676 (RHK/RLE), 2010 WL 1417654, at *6-7 (D. Minn. March 15, 2010); Heppner v. Roal, No. 09-2926 (PAM/JJK), 2010 WL 1380146, at *2 (D. Minn. March 3, 2010); Taylor v. Jett, No. 09-1632 (RHK/JJK), 2010 WL 502783, at *2 (D. Minn. Feb. 5, 2010). "Rather, federal law simply requires that the BOP make an individualized determination of the appropriate RRC period, with attention to the specific factors listed in 18 U.S.C. § 3621(b)." O'Hara, 2009 WL 3164724, at *2. Moreover, "[n]othing in [Section 3624(c)] shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621." 18 U.S.C. § 3624(c)(4).

With respect to McCarthy's arguments that the BOP erroneously applied certain Section 3621 factors or failed to consider others, nothing in the record reflects that the BOP either improperly applied particular factors or abused its overall discretion under Section 3621. Here, the RRC review conducted with respect to McCarthy noted that he would have family support, a residence, financial resources, life skills and other resources and the review also considered the medical resources available at the facility contemplated for McCarthy. (Doc. No. 13-2.) The review based its recommendation of no RRC placement on the conclusion that there was "no compelling or extraordinary

5

circumstances," noting that there was a "large sentence reduction" from the guideline range, that McCarthy "cannot work," and that "home confinement would place [him] right back in the environment where he committed his crime." (Doc. No. 13-2.) McCarthy apparently continues to suffer from serious medical problems that existed at the time of his sentencing and interfere with his ability to work. (See id.)

Beyond his general claim of entitlement to some RRC placement, McCarthy challenges the Respondent's purported reliance on his "history and offense characteristics and [his] inability to pay for [his] medical needs," apparently claiming that any such evaluation is factually "inaccurate" and legally "in violation of the Second Chance Act (SCA)." (Doc. No. 1 at 3-4.) He contends (1) that a proper evaluation should have been based on a letter that was sent to (and purportedly relied on by) the sentencing court and that he claims accurately portrays his "characteristics," (2) that his criminal history was negligible and not even relied upon by the sentencing judge, (3) that any future "medical costs could be covered by Medicare/Medicaid, if necessary," further claiming that "medical care is not a restriction of the SCA," and (4) that he is needed to care for his elderly parents, who are in poor health. (Id. at 4-5.)

Insofar as the BOP considered McCarthy's criminal history, his objections are unavailing. Section 3621(b) expressly authorizes consideration of "the history and characteristics of the prisoner," criteria that plausibly include the petitioner's criminal history. Similarly, the fact that a prisoner's family members might require his assistance due to their medical problems does not mandate his entitlement to any RRC placement

6

under the applicable law. Likewise, his naked assertion that the costs of his own medical care "could be covered by Medicare/Medicaid, if necessary," is unfounded. And despite his argument that "medical care is not a restriction of the SCA," consideration of whether a prisoner would receive appropriate medical care is plausibly encompassed by the statutory factors of "the resources of the facility contemplated" and / or "the history and characteristics of the prisoner." In any event, the Eighth Circuit "do[es] not read § 3621(b) to preclude the consideration of factors beyond those set forth in the statute." Miller v. Whitehead, 527 F.3d 752, 757-58 (8th Cir. 2008).

The Court notes that McCarthy's *pro se* petition does not expressly rely on the various Memoranda or regulations that the BOP issued to implement the relevant federal statutes. Section 3624, as amended by the SCA, directs the BOP to issue regulations to ensure that its RRC placements are conducted "in a manner consistent with section 3621(b)," are "determined on an individual basis," and are "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. § 3624(c)(6). The SCA was signed into law on April 9, 2008, see Pub. L. No. 110-199, and due to the length of the rule-making process in promulgating the regulations, the BOP promptly issued interim guidance regarding RRC placements in an April 14, 2008 Memorandum for Chief Executive Officers. See Miller, 527 F.3d at 755 (addressing the interim guidance issued by the BOP). The April 14, 2008 Memorandum instructed BOP staff that the SCA permitted RRC placement for up to 12 months and that "'Bureau staff *must* approach every individual inmates' assessment with the

7

understanding that he/she is now *eligible* for a maximum of 12 months pre-release RRC placement.'" Arthur v. Roal, No. 09-3043 (RHK/JSM), 2010 WL 3025019, at *6 (D. Minn. July 6, 2010) (quoting April 14, 2008 Memo) (emphasis in original). In addition, because "'Bureau experience reflects inmates' pre-release RRC needs can usually be accommodated by a placement of six months or less, additional approval is necessary if staff concludes that a particular inmate requires a longer RRC placement.'" Id.

Formal regulations were then issued, effective October 21, 2008. 28 C.F.R. §§ 570.20-.22 (2008).[2] As relevant here, the 2008 regulations largely reiterate the statutory directive that the BOP consider options for reintegration into the community but those regulations do not provide any legal right or entitlement to any RRC placement. Id. § 570.21 (providing that "[i]nmates *may* be designated to community confinement as a condition of pre-release custody and programming during the final months of the inmate's term of imprisonment, not to exceed twelve months") (emphasis added); id. § 570.22 (providing that "[i]nmates will be *considered* for pre-release community confinement in a manner consistent with 18 U.S.C. section 3621(b), determined on an individual basis, and of sufficient duration to provide the greatest likelihood of successful reintegration into the community, within the time-frames set forth in this part") (emphasis added).

The BOP then issued a November 14, 2008 Memorandum for Chief Executive

---

[2] These versions replaced the 2005 regulations that were deemed invalid in 2006. Miller, 527 F.3d at 755 (recounting full history of the BOP's various policies, guidance statements and regulations regarding RRC placement).

Officers, which provided that "'[a]n RRC placement beyond six months should only occur when there are unusual or extraordinary circumstances justifying such placement, and the Regional Director concurs.'" Arthur, 2010 WL 3025019, at *7 (quoting November 14, 2008 Memo). The November 14, 2008 Memorandum also stated that the guidance provided in the April 14, 2008 Memorandum remained in full effect. Id. Numerous other decisions also have addressed the history and effect of these various provisions. Hewitt v. Jett, No. 09-1676 (RHK/RLE), 2010 WL 1417654, at *2-3 (D. Minn. March 15, 2010); Heppner v. Roal, No. 09-2926 (PAM/JJK), 2010 WL 1380146, at *2-4 (D. Minn. March 3, 2010); Taylor v. Jett, No. 09-1632 (RHK/JJK), 2010 WL 502783, at *2-3 (D. Minn. Feb. 5, 2010).

In light of Petitioner's *pro se* status, the Court has considered all applicable law regardless of whether cited by McCarthy. But in any event, McCarthy's particular arguments do not require further detailed engagement with any of the BOP's various implementing Memoranda or regulations. In short, the BOP possesses certain discretion under the governing statutes to make RRC placement decisions. Esters v. Jett, 09-CV-1667 (MJD/AJB), 2009 WL 3417900, at *4 (D. Minn. Oct. 21, 2009) ("The exercise of BOP discretion with respect to the 12-month RRC placement as permitted under the SCA was not restricted or precluded . . . by language contained in the April 14, 2008, memorandum."); see Hosna v. Groose, 80 F.3d 298, 304 (8th Cir. 1996) (holding that federal courts ought to afford appropriate deference and flexibility to prison officials concerning management of the prison environment). The record before the Court

9

demonstrates that the BOP provided Petitioner with the individualized RRC placement determination required by the SCA. BOP staff reviewed Petitioner for RRC placement under the five factors enumerated in 18 U.S.C. § 3621(b). Furthermore, there is nothing to support McCarthy's suggestion that the review was not conducted in good faith. Because there is no basis for this Court to reject the BOP's conclusion, McCarthy's petition should be denied.

### C. Proper Respondent

As the Government notes, McCarthy's petition identifies as Respondents not only the Warden of the facility in which he is incarcerated, but also the "Federal Bureau of Prisons." The Court agrees that the BOP should not be named as a Respondent. See 28 U.S.C. § 2242 (providing that application should name "the person who has custody over" the applicant); Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). But Respondents have not formally moved for such relief and, in any event, it is not necessary because the Court has concluded that McCarthy's petition should be denied on the merits and this action dismissed with prejudice. O'Hara v. Rios, No. 08-5160 (JRT/JJK), 2009 WL 3164724, at *1 n.1 (D. Minn. Sept. 28, 2009).

## III. CONCLUSION

The BOP possesses the statutory discretion to make individual assessments regarding whether to place an inmate in an RRC facility and, if any such placement is appropriate, for how long. There is no basis to disturb the BOP's judgment here that McCarthy should not receive any RRC placement.

## IV.  RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein, IT IS HEREBY RECOMMENDED that:

1. Petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] be DENIED; and

2. This action be DISMISSED WITH PREJUDICE.


Dated:  September 29, 2010

    s/ Susan Richard Nelson

SUSAN RICHARD NELSON
United States Magistrate Judge


Under D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **October 14, 2010**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Court of Appeals.